UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

STANLEY CHERENFANT,

                        Defendant.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**
15-CR-0287-10 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On May 9, 2017, Stanley Cherenfant pleaded guilty to a lesser-included offense within Count Five of the Superseding Indictment. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Stanley Cherenfant is hereby sentenced to 121 months of incarceration, 3 years of supervised release, criminal forfeiture of $1 million, and a $100.00 special assessment.

## BACKGROUND

On July 15, 2015, the United States filed a seventy-five count Superseding Indictment against twenty-three defendants, including Stanley Cherenfant ("Defendant"). *See* Superseding Indictment, ECF No. 48. On May 9, 2017, Defendant pleaded guilty to a lesser-included offense within Count Five of the Superseding Indictment, which charged a Narcotics Trafficking Conspiracy. *See* Plea Agreement ¶ 1, ECF No. 422.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

**I.    Legal Standard**

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . .

. the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

II. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant was born on February 15, 1991 and is one of seven children born to the consensual union of Stanley Rene and Nirva Cherenfant. Presentence Investigation Report ("PSR") ¶ 68, ECF No. 479. Defendant was raised in an intact, lower-income household until age twelve. *Id.* ¶ 71. At that time, the parents separated, and Defendant remained with his mother. *Id.* Defendant has six siblings. *Id.* ¶ 70. Notably, two of his siblings, Steven Cherenfant and Stephon Rene, were previously sentenced by this Court in the instant case. *Id.* Defendant's parents and siblings remain supportive. *Id.* ¶¶ 68, 70.

Defendant is not married. Prior to his incarceration, Defendant resided with his girlfriend, Ashley Cummings. *Id.* ¶ 73. Defendant has no children. *Id.* ¶ 72.

2

Shortly after his birth, Defendant suffered a stroke, which has left him partially paralyzed on the right side of his body. *Id.* ¶ 76. Defendant is also slightly delayed because of the stroke, and his academic career was spent in special education classes. *Id.* ¶¶ 76, 86. Defendant advised that he attended the ninth and tenth grades at Erasmus Hall High School in Brooklyn, New York, from 2011 to 2012. *Id.* ¶ 85. It is unknown why Defendant withdrew from school in the eleventh grade. *Id.* He has always been financially supported by Supplemental Security Income, which he qualified for because of his health ailments. *Id.* ¶ 87.

Defendant was also shot by a New York City police officer on June 11, 2010. *Id.* ¶ 77. According to records from the Metropolitan Detention Center ("MDC"), Defendant presents with weakness in his right upper extremities and right lower extremities, and has limited range of motion in his right hand and foot. *Id.* ¶ 78. Defendant also has chronic lower back pain. *Id.* On December 11, 2015, Defendant received x-rays on his lower spine, which revealed ballistic fragments overlaying his left pubic ramus and pubic symphesis. *Id.*

Defendant has been incarcerated at the MDC in Brooklyn, New York since July 16, 2015. *Id.* ¶ 74. Defendant participated in the Special Housing Unit Health Course and has taken his high school equivalency degree practice test. *Id.* While at the MDC, Defendant has incurred numerous infractions, including: being in an unauthorized area; being insolent to a staff member; giving/accepting money without authorization; refusing to obey orders; failing to stand for count; being unsanitary or untidy; threatening bodily harm; and destroying or disposing of items during a search. *Id.*

Defendant began smoking marijuana at age sixteen. *Id.* ¶ 82. He advised Probation that he smoked at least two marijuana cigarettes per day and spent $25 per day on it. *Id.* From 2013

to 2014, Defendant participated in a one-year inpatient drug treatment program at Phoenix House in Brooklyn, NY. *Id.* ¶ 83.

Defendant was arrested and adjudicated a youthful offender at the age of sixteen for attempted petit larceny. *Id.* ¶ 57. At the age of seventeen, Defendant was arrested for criminal possession of marijuana in the fifth degree and was sentenced to fifteen days in custody. *Id.* ¶ 58. On January 30, 2010, at the age of eighteen, Defendant was convicted of possession of a controlled substance in the fourth degree and sentenced to five years probation and six months license suspension. *Id.* ¶ 59. Defendant was adjudicated a youthful offender. *Id.* A violation warrant was issued on May 21, 2014. *Id.* On August 28, 2013, at the age of twenty-two, Defendant pled guilty to criminal use of drug paraphernalia. *Id.* ¶ 60. His sentence is still pending. *Id.*

Regarding the instant offense, Defendant was a member of the Eight Trey Crips and Shoota Gang ("SG"), and was an associate of the Outlaw Gangsta Crips ("OGC"). *Id.* ¶ 38. SG was an offshoot of the OGC which included members and associates of the OGC as well as members and associates of other gangs, including the Eight Trey, Bosses In Business, and the Bloods. *Id.* ¶¶ 4-5. Members and associates of the OGC have engaged in drug trafficking, fraud, firearms trafficking and promoting prostitution, and have committed acts of violence, including murder, attempted murder, robbery and assault, as well as other crimes. *Id.* The purposes of the OGC included enriching the gang; promoting and enhancing the gang's prestige, reputation, and position among rival gangs; preserving and protecting the gang's power, territory, and criminal ventures; maintaining fear of the gang in their victims and rivals; and concealing the gang's criminal activity from law enforcement. *Id.* ¶ 6.

According to the Government, Defendant was a street-level narcotics distributor and is accountable for distributing at least 840 grams of cocaine base in the instant offense. *Id.* ¶ 38. Defendant was arrested at his residence on July 16, 2015. *Id.* ¶ 37. After the investigating agents knocked and announced themselves, he locked himself in the bathroom. *Id.* When agents found him, they observed that the bathroom window was open. *Id.* They subsequently looked in the alleyway outside and below the window and recovered, in the area below the window, a .40 caliber firearm and a .380 caliber firearm. *Id.* Agents subsequently found a .40 caliber magazine and a .380 caliber magazine in a dresser drawer in the apartment. *Id.*

**B. The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

Defendant's crime both provided dangerous and illegal drugs to his community and helped to fund unlawful gang activity. The Court's sentence recognizes the seriousness of this offense and punishes Defendant accordingly. It seeks to deter Defendant from further criminal activity and encourages him to sever his ties to the OGC, the SG, and the Eight Trey. More generally, the Court's sentence sends a message to other gang members that a life of crime carries a risk of punishment that outweighs any potential gains. Finally, it also considers Defendant's family support.

## C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pleaded guilty to one count of Narcotics Trafficking Conspiracy, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). He faces a maximum term of imprisonment of twenty years. *See* 21 U.S.C. § 841(b)(1)(C). Defendant also faces: a minimum term of supervised release of three years, 21 U.S.C. § 841(b)(1)(C); not less than one and no more than five years of probation, 18 U.S.C. § 3561(c)(1); a maximum fine of $1,000,000.00, 21 U.S.C. § 841(b)(1)(C); and a special assessment of $100.00, 18 U.S.C. § 3013.

## D. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" 18 U.S.C. § 3553(a)(4)(A).

Guidelines § 2D1.1 applies to violations of 21 U.S.C. § 846 and sets a base offense level of thirty-two for offenses involving at least 840 grams of cocaine base. *See* United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(c)(4) (Nov. 2016) ("USSG").

As noted above, the instant offense involved possession of firearms, resulting in a two-level increase pursuant to USSG § 2D1.1(b)(1).

Defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. USSG § 3E1.1(a). Because the Government was notified in a timely manner of Defendant's intention to enter a plea of guilty, the offense level is decreased by one additional level. USSG § 3E1.1(b). All parties agree

Defendant should receive a three-point reduction for acceptance of responsibility. This would bring Defendant's total adjusted level to thirty-one.

In Defendant's plea agreement, the Government estimated that the Defendant would receive a two-level reduction "for a global resolution pursuant to U.S.S.G. § 5K2.0 . . . only if the conditions set forth in Paragraph 15 [of the plea agreement] are satisfied." Plea Agreement ¶ 2. Paragraph fifteen, in turn, provided that the reduction would apply only if: 1) eighteen listed defendants entered guilty pleas on or before May 17, 2017; and 2) those pleas were accepted by a United States District Court Judge at the time of the plea allocution or, if the plea was taken by a Magistrate Judge, on or before May 31, 2017. *Id.* ¶ 15. Not all of the listed Defendants pled guilty by May 31, 2017, but all defendants have now pled guilty. The Plea Agreement also provided for a one-level Global Resolution reduction if eight listed Defendants pled guilty by May 31, 2017. *Id.*

Defendant's criminal convictions result in a subtotal criminal history score of one. PSR ¶ 61. However, because Defendant committed the instant offense while under the probation term for criminal possession of narcotics in the fourth degree, two points are added under USSG §4A1.1(d). This brings Defendant's total criminal history score to three, establishing a criminal history category of II.[1] USSG Ch. 5, Part A.

In its Guidelines calculation, Probation does not account for any Global Resolution reduction, and arrives at a total adjusted offense level of 31. PSR ¶ 55. With a criminal history category of II and a total offense level of 31, the Guidelines imprisonment range is 121 to 151

---

[1] While the Plea Agreement contemplated a criminal history category of I, the parties are now in agreement that the appropriate criminal history category is II. Plea Agreement ¶ 2; Gov't Mem. at 3, ECF No. 639; Def. Mem. at 3, ECF No. 638.

months. PSR ¶ 95. Probation notes the Government informed them it would seek a one-level Global Resolution reduction, which would bring Defendant's total adjusted offense level to 30, resulting in a range of 108 to 135 months. *Id.* ¶ 111; Probation Sentencing Recommendation at 3, ECF No. 479-1. In light of that range, Probation recommends 120 months custody and three years supervised release, with special conditions. *Id.* at 1.

If a two-level Global Resolution reduction applies, Defendant's total adjusted offense level would be 29. With a criminal history category of II, the Guidelines range would be 97 to 121 months. The Government and defense both advocate that this sentencing range should apply. The Government requests the Court impose a term of imprisonment within that range. Gov't Mem. at 1. The defense requests the Court impose a below Guidelines sentence of 60 months. Defense Mem. at 2.

Per the Guidelines, Defendant may also be sentenced to a term of supervised release of three years, USSG § 5D1.2(a)(2)[2]; a fine of between $15,000.00 and $1,000,000.00, *id.* §§ 5E1.2(c)(4), (h)(1); and payment of the costs of prosecution, *id.* § 5E1.5. The Guidelines further suggest Defendant is ineligible for probation. *Id.* § 5B1.1, n.2.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor, requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5). Probation notes Defendant attempted to dispose of two guns by tossing them out of a bathroom window at the time of his instant arrest. PSR ¶ 112. Although Defendant has received an enhancement for possession of firearms, per Guideline § 2D1.1(b)(1), the enhancement only requires that Defendant have

---

[2] The Guidelines suggest a supervised release term of one to three years. *See* USSG § 5D1.2(a)(2). However, the statutory minimum is three years. 21 U.S.C. § 841(b)(1)(C).

connection to one firearm. *Id.* As such, this additional weapon was not considered in the Guidelines; nevertheless, the possession of it can be considered additional criminal conduct and worthy of sentencing consideration, per Guideline 5K2.0. *Id.*

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Defendant is one of twenty-three defendants in this case, and the Court will craft a unique sentence for each defendant. For the reasons stated in this memorandum and order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Lastly, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), is not applicable in Defendant's case, *see* 18 U.S.C. § 3663.

## CONCLUSION

A sentence of 121 months of incarceration, to be followed by 3 years of supervised release, criminal forfeiture of $1 million, and a $100.00 special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and imposes the special conditions of release proposed by the Probation Department.

**SO ORDERED.**

s/WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 3, 2018
Brooklyn, New York